UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Crim. No. 3:21-cr-00006-GFVT-EBA |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| JOHN GOBLE, *et al.*, | ) | **&** |
| | ) | **ORDER** |
| Defendants. | ) | |

*** *** *** ***

This matter is before the Court on Judge Atkins's Report and Recommendation that John Goble and Michael Crawford's motions to dismiss the indictment be denied. [R. 58.] For the reasons that follow, Judge Atkins's Report and Recommendation is ADOPTED and the parties' objections are OVERRULED.

**I**

On March 18, 2021, Defendants John Goble and Michael Crawford were indicted on two counts of defrauding the United States pursuant to 18 U.S.C. § 371. [R. 1.] Although both counts pertained to the "theft, conversion, and intentional misapplication" of KSP-owned property, Count 1 specifically pertained to KSP-owned ammunition and Count 2 specifically pertained to KSP-owned firearms. *Id.* at 3–4.

On September 30, 2021, Mr. Crawford filed a Motion to Dismiss the Indictment on the ground that the indictment is "impermissibly multiplicitous." [R. 49 at 1.] The following day, Mr. Goble "join[ed] his co-Defendant Michael Crawford" by filing his own Motion to Dismiss

the Indictment on the same ground.[1]  [R. 51.]  After full briefing, Judge Atkins filed a

Recommended Disposition on November 8 recommending that the parties' motions to dismiss

the indictment be denied.  [R. 58.]  In recommending denial of the parties' motions to dismiss,

Judge Atkins specifically found that (1) Mr. Crawford and Mr. Goble failed to establish a prima

facie case of multiplicity; (2) the double jeopardy claims were premature; and (3) the motions to

dismiss the indictment were untimely.  *Id.* at 7–9.  Judge Atkins informed the parties of their

appeal rights pursuant to 28 U.S.C. § 636(b)(1) and stated that the parties had fourteen days from

being served a copy of the Recommended Disposition to file particularized objections.  *Id.* at 10.

Both Mr. Crawford and Mr. Goble timely filed objections to Judge Atkins's Report and

Recommendation, and the United States filed a consolidated response to the Defendants'

objections.  [R. 61; R. 62; R. 64.]

## II

Mr. Crawford and Mr. Goble have moved to dismiss the indictment against them on the

ground that it is "impermissibly multiplicitous."  [R. 49 at 1.]  Rule 12 of the Federal Rules of

Criminal Procedure governs a multiplicity claim.  The rule provides, in relevant part:

> (3) Motions That Must Be Made Before Trial. The following defenses, objections,
> and requests must be raised by pretrial motion if the basis for the motion is then
> reasonably available and the motion can be determined without a trial on the
> merits: ...
> (B) a defect in the indictment or information, including: ...
> (ii) charging the same offense in more than one count (multiplicity) ....

*United States v. Cooper*, 886 F.3d 146, 152 (D.C. Cir. 2018) (quoting Fed. R. Crim. P. 12(b));

*see also United States v. Swafford*, 512, F.3d 833, 844 (6th Cir. 2008) (stating that an indictment

---

[1] Technically, Counsel for Mr. Goble stated that he was filing "this Motion to Dismiss the duplicitous Indictment."
[R. 52 at 1.]  However, it is clear from the brief that counsel intended his motion to pertain to multiplicity, which
"prevents the punishment provided for a single offense from pyramiding by a multi-count indictment," instead of
duplicity, which involves "join[ing] in a single count two or more distinct and separate offenses."  *United States v.
Robinson*, 651 F.2d 1188, 1194 (6th Cir. 1981).

is multiplicitous, and therefore defective, if it "charg[es] a single offense in more than one count in an indictment") (quoting *United States v. Lemons*, 941 F.2d 309, 317 (5th Cir. 1991)).  The issue of whether an indictment is multiplicitous is a question of law.  *Id.* (citing *United States v. Campbell*, 279 F.3d 392, 398 (6th Cir. 2002)).

A multiplicitous indictment runs afoul of the Fifth Amendment's Double Jeopardy Clause if it leads to "a defendant being punished twice for the same crime" or "unfairly suggest[s] that more than one crime has been committed."  *Id.* (citations omitted).  The Double Jeopardy Clause also protects a defendant from receiving "multiple punishments for the same offense imposed in a single proceeding."  *Jones v. Harry*, 405 F. App'x 23, 28, (6th Cir. 2010) (quoting *Jones v. Thomas*, 491 U.S. 376, 381 (1989)).

Generally, Courts employ the test found in *Blockburger v. United States*, 284 U.S. 299 (1932), to determine whether an indictment is multiplicitous.  *Blockburger* provides that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."  *Id.* at 304.  However, in this case, both violations fall under the same statute instead of "two distinct statutory provisions."  *Id.* Furthermore, the Sixth Circuit has recognized that the *Blockburger* test is difficult to apply to conspiracy cases.  *See United States v. Sinito*, 723 F.2d 1250, 1256 (6th Cir. 1984).  Therefore, the Sixth Circuit employs a totality of the circumstances test to determine whether multiple conspiracies contained in the same indictment would constitute the same offense.[2]  Under the test, the court must consider the following elements:

1) time; 2) persons acting as co-conspirators; 3) the statutory offenses charged in

---

[2] Virtually every circuit employs the same or a similar test as the one used in the Sixth Circuit to determine whether two conspiracies are in fact the same offense.  *Cooper*, 886 F.3d at 153 (collecting cases demonstrating that "[o]ther courts consider the same or similar factors").

the indictments; 4) the overt acts charged by the government or any other description of the offenses charged which indicates the nature and scope of the activity which the government sought to punish in each case; and 5) places where the events alleged as part of the conspiracy took place.

*Id.*

Mr. Crawford and Mr. Goble argue that the totality of the circumstances test demonstrates that "only one agreement existed among the same persons to violate the same statute during the same period and at the same geographical locations." [R. 49-1 at 5; *see also* R. 51 at 2–3.] In the alternative, the parties request an evidentiary hearing so the United States can "tender evidence of two separate conspiratorial agreements." [R. 49-1 at 5–6.] After review, the Court finds that the motions to dismiss the indictment are untimely, fail the totality of the circumstances test, and are premature.

**A**

Judge Atkins found that Mr. Crawford and Mr. Goble's motions to dismiss the indictment were untimely. [R. 58 at 9.] Although Mr. Goble did not object to the timeliness argument, Mr. Crawford objected merely on the ground that when the trial was moved from July 2021 to January 2022, "[t]he order continuing the trial to January also continued the motion deadline." [R. 61.] That is true. However, that fact does not salvage the timeliness of Mr. Crawford's and Mr. Goble's motions. The order continuing the trial, which was entered on May 26, 2021, explicitly stated that "[t]he pretrial deadlines set forth in the Court's Standing Pretrial and Trial Management Order shall be relative to this new trial date." [R. 35 at 2.]

The original Standing Pretrial and Trial Management Orders specify that the parties must file defensive motions "within thirty (30) days of the entry of this Scheduling Order." [R. 16 at 1; R. 20 at 1.] Thirty days from May 26, when the order continuing the trial was entered, was June 25, 2021. The parties' motions to dismiss indictment were filed on September 30 and

4

October 1, respectively, which is more than three months after the amended defensive motion deadline. Accordingly, the parties' motions are untimely. *See United States v. Sisco*, 2021 WL 4066665, at *1 (E.D. Ky. Sept. 7, 2021) (denying motion to dismiss indictment because it was "inexcusably late").

However, a court may review an untimely claim if the party seeking relief shows good cause by "articulat[ing] some legitimate explanation for the failure to timely file." *United States v. Campos*, 2018 WL 1406614, at *2 (E.D. Ky. Feb. 23, 2018) (quoting *United States v. Walden*, 625 F.3d 961, 965 (6th Cir. 2010)). Here, neither Mr. Crawford nor Mr. Goble have proffered a legitimate explanation for filing their motions more than three months late. Ignorance as to filing deadlines or the local rules is not sufficient to show good cause. *Johnson v. Smith*, 835 F. App'x 114, 115 (6th Cir. 2021) (finding that "mistake of counsel or ignorance of the rules" are not sufficient bases to find good cause). Furthermore, neither party requested an extension of time to file the motions. Accordingly, the Court finds that the parties' motions to dismiss the indictment are untimely.

**B**

However, even if the Court had found good cause to review the parties' motions to dismiss, the motions fail the totality of the circumstances test. In his Recommended Disposition, Judge Atkins found Defendants made a prima facie showing as to the second factor (persons involved in the conspiracy), third factor (statutory offense charged in the indictment), and fifth factor (places were events allegedly took place) of the totality of the circumstances test. [R. 58 at 4–7.] However, Judge Atkins ultimately found that the Defendants had failed to make a prima facie case because they had failed to make a prima facie case as to the first factor (time) and the fourth factor (overt acts charged by the United States), which is the most significant factor. *Id.*

5

Mr. Crawford and Mr. Goble make much out of Judge Atkins's finding the majority of factors satisfied the totality of the circumstances test but still finding that they had failed to make out a prima facie case. The parties' primary objection to Judge Atkins's Report and Recommendation is that Judge Atkins incorrectly applied the totality of the circumstances test. [R. 61 at 7; R. 62 at 1.] The argument that not all five factors need to be satisfied to find a double jeopardy violation is true and well taken. However, this is a situation in which multiple factors, including the "most significant factor," did not favor Mr. Crawford and Mr. Goble. *United States v. Wheeler*, 535 F.3d 446, 456 (6th Cir. 2008).

Furthermore, the cases Mr. Crawford and Mr. Goble cite as support are unpersuasive because they are very different factually from the situation in this case. The *Sinito* case involved two different indictments, one in 1981 (that led to a guilty verdict) and a subsequent indictment in 1982. 723 F.2d at 1253–54. *United States v. Jabara* involved defendants who were charged and convicted in California and were also indicted on similar charges in the Eastern District of Michigan. 644 F.2d 574, 575–76 (6th Cir. 1981). *Corral v. United States* also involved a defendant who was indicted in California and then Michigan for "conspiracy to distribute a controlled substance." 562 F. App'x 399, 401 (6th Cir. 2014).

The *Wheeler* case involved an indictment in the Northern District of Ohio following an indictment and conviction on similar charges in the Middle District of Florida. 535 F.3d at 449. Furthermore, of more relevance to this case, the *Wheeler* court found that Wheeler's "successive indictment for drug conspiracy" did not constitute a double jeopardy violation even though the conspiracies "were charged under the same statute and the statutory offense underlying each conspiracy charge was the same." *Id.* at 456 (citations omitted). The Court found that "even if the statutory offenses charged are the same,…in context with the other factors, this is a minor

point, since one can certainly enter two conspiracies to commit the same type of crime." *Id.*
(quoting *United States v. Ledon*, 49 F.3d 457, 460 (8th Cir. 1995)). The cases on which Mr.
Crawford and Mr. Goble rely involve multiple indictments in different states, as opposed to a
single indictment in one case.[3]

Here, multiple factors, including the most significant factor, favor a finding of multiple
conspiracies. It is true that the same individuals were involved in the two conspiracies. It is also
true that the two conspiracies allegedly occurred in the same places—though the Sixth Circuit
has held that geographical location language is used for venue purposes and "is of minimum
significance." *Sinito*, 723 F.2d at 1258–59. Also, it is "a minor point" that Mr. Crawford and
Mr. Goble were "charged under the same statute and the statutory offense underlying each
conspiracy charge was the same" because "one can certainly enter two conspiracies to commit
the same type of crime." *Wheeler*, 535 F.3d at 456.

The time factor weighs in favor of finding two separate conspiracies. The conspiracy
alleged in Count 1 occurred from late 2014 until early 2018, whereas the conspiracy in Count 2
occurred in late 2016 until early 2017. [R. 1 at 2, 4.] The Sixth Circuit has held that, "[t]ime
frames and personnel can overlap in separate criminal agreements." *Sinito*, 723 F.2d at 1257
(quoting *United States v. Inmon*, 594 F.2d 352, 354 (3d Cir. 1979)). In *Inmon*, the Third Circuit
found that even though the time period of one indictment "completely subsumed" the other time
period of the second indictment, this did not indicate that the conspiracies were not separate. 594
F.2d at 354. That situation is also true here.

---

[3] Mr. Goble cites to *United States v. Mann*, 195 F. App'x 30 (6th Cir. 2006) for the proposition that when the
majority of the *Sinito* factors are met, a double jeopardy violation is established. [R. 62 at 2.] While the court did
find the defendant's second conspiracy charge in the indictment to be multiplicitous, the Sixth Circuit ultimately
affirmed the convictions in that case because the defendant "failed to establish that his substantial rights were
affected by his multiplicitous indictment." *Mann*, 195 F. App'x at 435.

Furthermore, the overt acts factor, which is the most significant factor, favors a finding of separate conspiracies. As Judge Atkins found, Counts 1 and 2 "describe entirely different overt acts committed by the Defendants." [R. 58 at 6.] Count 1 involved a conspiracy to take and store "various calibers and gauges of ammunition" whereas Count 2 involved the preparation of paperwork and the exchange of cash to take surplus firearms and sell them to others. [R. 1 at 2, 4.] "A single agreement to commit several crimes constitutes one conspiracy. By the same reasoning, multiple agreements to commit separate crimes constitute multiple conspiracies." *United States v. Broce*, 488 U.S. 563, 570–71 (1989). Although the subject matter of both conspiracies involves KSP-owned property, the complexity, nature, and purpose of the two conspiracies is different. Ultimately, a review of the indictments reveals "multiple agreements to commit separate crimes," and this factor therefore favors a finding of separate conspiracies. *Id.*

At this early stage in the litigation, the Court finds that the totality of the circumstances weighs in favor of finding two separate conspiracies, and a hearing is not necessary as to this issue. However, even if the Court had found that the totality of the circumstances weighed in favor of a finding of multiplicity at this stage, "[t]he Supreme Court has instructed that the proper remedy for multiplicitous counts may include allowing the jury to consider all counts that are reasonably supported by the evidence and addressing any multiple-punishment issues at sentencing by merging overlapping convictions." *United States v. McCafferty*, 482 F. App'x 117, 126 (6th Cir. 2012) (citing *Ball v. United States*, 470 U.S. 856, 864–65 (1985)). The Court finds that is the appropriate approach to take here.

### C

One final note about double jeopardy. As Judge Atkins stated in his Recommended Disposition, double jeopardy "does not attach until a second prosecution is underway or until

multiple punishments have been administered for the same offense." [R. 58 at 8 (citing *United States v. Turner*, 324 F.3d 456, 461 (6th Cir. 2003).] Specifically, "[u]ntil a jury is empaneled and sworn or, in a bench trial, until the first witness is sworn, jeopardy does not attach." *Id.* (quoting *Willhauck v. Flanagan*, 448 U.S. 1323, 1325–26 (1980) (citations omitted)); *see also Serfass v. United States*, 420 U.S. 377, 391 (1975) (finding history and terms of Double Jeopardy Clause "demonstrate that it does not come into play until a proceeding begins before a trier having jurisdiction to try the question of the guilt or innocence of the accused).

Here, Mr. Crawford and Mr. Goble do not allege that they have been previously convicted or acquitted of the same crime or similar charges in any court.[4] *Id.* Therefore, Mr. Crawford and Mr. Goble's double jeopardy claims are premature and need not be further addressed at this stage in the litigation.

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1.  Judge Atkins's Report and Recommendation **[R. 58]** is **ADOPTED** in its entirety as and for the opinion of the Court;

2.  Mr. Crawford and Mr. Goble's objections are **OVERRULED**; and

3.  Mr. Crawford's Motion to Dismiss Indictment **[R. 49]** and Mr. Goble's Motion to Dismiss Indictment **[R. 51]** are **DENIED**.

This the 17th day of December, 2021.

---

[4] Counsel for Mr. Crawford notes that Mr. Crawford "presently faces criminal charges in Scott County for the same alleged conduct, and those charges are pending." [R. 61 at 7.] However, this fact does not change the double jeopardy analysis at this stage.

Gregory F. Van Tatenhove
United States District Judge