UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br> )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>JOHN GOBLE, *et al.*, )<br> )<br>    Defendants. ) | Crim. No. 3:21-cr-00006-GFVT-EBA<br><br>**MEMORANDUM OPINION**<br>**&**<br>**ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant Michael Crawford's Motion for a Separate Trial and Defendant John Goble's Motion to Join Co-Defendant's Motion for Separate Trials. [R. 56; R. 59.] For the reasons that follow, the Motion for a Separate Trial [R. 56] is DENIED and the Motion to Join Co-Defendant's Motion for Separate Trials [R. 59] is DENIED AS MOOT.

**I**

On March 18, 2021, Defendants John Goble and Michael Crawford were indicted on two counts of defrauding the United States pursuant to 18 U.S.C. § 371. [R. 1.] On October 19, Mr. Crawford filed a Motion for a Separate Trial. [R. 56.] In support of his motion, Mr. Crawford states that he intends to "present an antagonistic defense" to that of his codefendant and argues that (1) certain statements made by his codefendant may not be available if they are tried together, and (2) "spillover and jury confusion…will result if the government" is allowed to introduce prior bad acts committed by Mr. Crawford's codefendant at trial. [R. 56-1 at 4.] On November 2, the Government responded in opposition to Mr. Crawford's motion, arguing that

"the two defendants are properly joined in a single conspiracy," and therefore should be tried in a single trial. [R. 57 at 1.] Furthermore, the Government argued that Mr. Crawford failed to overcome the presumption of a joint trial. *Id.* at 2.

On November 16, Mr. Goble filed a motion to join Mr. Crawford's Motion for Separate Trials [R. 59] and filed a "Reply to the Response of the US" regarding Mr. Crawford's Motion for Separate Trials. [R. 60.] Mr. Goble argued that both defendants would "suffer tremendous prejudice" if they are tried together. [R. 60 at 1.] Mr. Goble also argued that with a single trial, either Mr. Crawford's Confrontation Clause rights would be violated or Mr. Goble would be forced to waive his Fifth Amendment rights. *Id.* at 2–3. The United States construed Mr. Goble's "Reply to the Response of the US" as a memorandum in support of a motion to sever and filed a response on November 24, reiterating that "severance is unnecessary and legally unsupported." [R. 63 at 6.]

## II

### A

Rule 14 of the Federal Rules of Criminal Procedure states that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires. Fed. R. Crim. P. 14(a). Severance is discretionary, as "[t]he resolution of a Rule 14 motion is left to the sound discretion of the trial court." *United States v. Hang Le-Thy Tran*, 433 F.3d 472, 478 (6th Cir. 2006); *United States v. Alexander Flores*, 510 F. Supp. 3d 558, 562 (S.D. Ohio 2020) (citing *Zafiro v. United States*, 506 U.S. 534, 541 (1993)). "[T]he general rule is that parties who are jointly indicted should be tried together," and "[t]hat is particularly true when the defendants are joined in a

2

conspiracy or joint participation in a common scheme." *United States v. Weiner*, 988 F.2d 629, 634 (6th Cir. 1993) (citations omitted).

The Sixth Circuit recently addressed the high bar required for severance under Rule 14 and the policy reasons for generally preferring joint trials over separate trials:

> While a court may order separate trials if "consolidation for trial appears to prejudice a defendant," Fed. R. Crim. P. 14(a), severance is not the norm. "Joint trials are favored[.]" *United States v. Tocco*, 200 F.3d 401, 413 (6th Cir. 2000). It's not just more efficient to have one trial and one set of evidentiary admissions for all defendants at once, *United States v. Warner*, 971 F.2d 1189, 1196 (6th Cir. 1992), but a joint trial also decreases the risk of inconsistent verdicts, *Richardson v. Marsh*, 481 U.S. 200, 210, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987). Severance is appropriate, then, "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants[.]" *Zafiro v. United States*, 506 U.S. 534, 539, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993).

*United States v. Tisdale*, 980 F.3d 1089, 1094 (6th Cir. 2020).

**B**

Mr. Crawford argues in his motion that (1) the admission of prior bad acts evidence against his codefendant "could lead the jury to conclude that Mr. Crawford is guilty by association;" (2) that certain exculpatory evidence from testimony by his codefendant may not be available if the trials are not severed; (3) Mr. Crawford plans to present an antagonistic defense to that of his codefendant; and (4) a limiting instruction will not be sufficient "to cure any potential prejudice." [R. 56-1.] In his briefing, Mr. Goble further argues that the Government's use of Mr. Goble's Grand Jury testimony is "prejudicial and confusing," and that only having one trial will either violate Mr. Crawford's Confrontation Clause rights or force Mr. Goble to waive his Fifth Amendment rights." [R. 60.] However, these arguments are without merit.

First, Mr. Crawford's argument that prior bad acts evidence against his codefendant could lead the jury to believe he is guilty by association is speculative. "[J]uries are presumed capable of following instructions regarding the sorting of evidence and the separate consideration of

3

multiple defendants." *United States v. Mays*, 69 F.3d 116 (6th Cir. 1995). Next, Mr. Crawford's argument regarding the availability of certain exculpatory evidence is speculative and does not demonstrate there is a "serious risk that a joint trial would compromise a specific trial right." *Tisdale*, 980 F.3d at 1094 (quoting *Zafiro*, 506 U.S. at 539). Mr. Crawford's argument that a limiting instruction would not be sufficient to cure potential prejudice is also speculative and likewise fails. *Id.*

Furthermore, an antagonistic defense does not require separate trials. As the Supreme Court has instructed, "Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro*, 506 U.S. at 538–39. "[P]roving that severance is warranted based on antagonistic defenses requires the defendant to show that an antagonistic defense would present a conflict so prejudicial that defenses are irreconcilable, and the jury will unjustifiably infer that this conflict alone demonstrates that both are guilty. *United States v. Bates*, 784 F. App'x 312, 329–30 (6th Cir. 2019) (quoting *United States v. Fields*, 763 F.3d 443, 457 (6th Cir. 2014)). Mr. Crawford's argument does not demonstrate that his and Mr. Goble's defenses are "irreconcilable," and therefore this argument fails.

Mr. Goble's arguments are also without merit. Mr. Goble's arguments focus on the United States' intended use of Mr. Goble's prior testimony, but it appears that Mr. Goble misunderstands how the United States intends to use Mr. Goble's prior testimony at trial. First, the United States intends to use all of Mr. Goble's prior statements "both grand jury and interviews…in their entirety," so there is no concern about having to parse and identify certain portions of the testimony. [R. 63 at 2.] Furthermore, given that Mr. Goble's statements pertaining to Mr. Crawford "purport to exonerate him" rather than "implicate him in a crime,"

4

the Confrontation Clause argument is without merit.[1]  [R. 63 at 3.]  Furthermore, Mr. Goble has not demonstrated that he has "standing to assert a violation of [Mr. Crawford's] constitutional rights for his advantage."  *United States v. Hourani*, 1999 WL 16472, at *1 (6th Cir. 1999); *see also United States v. Ramirez*, 50 F. App'x 257, 258 (6th Cir. 2002) (finding defendant lacked standing to bring Sixth Amendment claim on behalf of co-defendants).

## C

However, even if Mr. Crawford's motion had merit, it would fail as untimely.  The original Standing Pretrial and Trial Management Orders specify that the parties must file defensive motions "within thirty (30) days of the entry of this Scheduling Order."  [R. 16 at 1; R. 20 at 1.]  The order continuing the trial, which was entered on May 26, 2021, explicitly stated that "[t]he pretrial deadlines set forth in the Court's Standing Pretrial and Trial Management Order shall be relative to this new trial date."  [R. 35 at 2.]  Thirty days from May 26, when the order continuing the trial was entered, was June 25, 2021.  Mr. Crawford's Motion for Separate Trials and Mr. Goble's Motion to Join Mr. Crawford's Motion were filed on October 19, and November 16, respectively, which is more than three months after the amended defensive motion deadline.  Accordingly, the parties' motions are untimely.  *See United States v. Sisco*, 2021 WL 4066665, at *1 (E.D. Ky. Sept. 7, 2021) (denying motion to dismiss indictment because it was "inexcusably late").

However, a court may review an untimely claim if the party seeking relief shows good cause by "articulat[ing] some legitimate explanation for the failure to timely file."  *United States v. Campos*, 2018 WL 1406614, at *2 (E.D. Ky. Feb. 23, 2018) (quoting *United States v. Walden*,

---

[1] The Confrontation Clause is intended to prevent situations such as when "an accomplice's confession is sought to be introduced against a criminal defendant without the benefit of cross-examination."  *Lee v. Illinois*, 476 U.S. 530, 541 (1985).  That is not the situation in this case.

5

625 F.3d 961, 965 (6th Cir. 2010)).  Here, neither Mr. Crawford nor Mr. Goble have proffered any explanation for filing their motions more than three months late.  Ignorance as to filing deadlines or the local rules is not sufficient to show good cause.  *Johnson v. Smith*, 835 F. App'x 114, 115 (6th Cir. 2021) (finding that "mistake of counsel or ignorance of the rules" are not sufficient bases to find good cause).  Furthermore, neither Mr. Crawford nor Mr. Goble requested an extension of time to file the motions.  Accordingly, the Court finds that the motion is untimely.

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendant Michael Crawford's Motion for a Separate Trial **[R. 56]** is **DENIED**; and
2. Defendant John Goble's Motion to Join Co-Defendant's Motion for Separate Trials **[R. 59]** is **DENIED AS MOOT**.

This the 3d day of January, 2022.

Gregory F. Van Tatenhove
United States District Judge